(No. 4850-

ERNEST W. MAMMEN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 29, 1963.*

COSTIGAN, WOLLRAB AND YODER, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; WILLIAM H. SOUTH, Assistant Attorney General, for Respondent.

PERLIN, C. J.

Claimant seeks recovery of $7,500.00 for personal injuries and property damage allegedly incurred as a result of an accident on December 26, 1956, when the car he was driving crashed into a barricade erected by respondent across old Route No. 66.

That respondent's negligence caused the accident was decided by this Court in the companion case of *Sue Mammen* vs. *State of Illinois*, No. 4786, wherein claimant's wife was awarded $5,000.00 for injuries suffered in the same accident. In that case the Court held as follows:

"Respondent was negligent in failing to maintain adequate signs warning of this particular danger, which obviously was known by it to exist long prior to the happening of this occurrence.

"We further find that claimant and her husband were in the exercise of ordinary care for their own safety at the time of this occurrence, and that the negligence of respondent proximately caused claimant's injuries."

Therefore, the only question presented in the instant case is the extent of damages, if any, sustained by claimant as a result of the accident.

Claimant testified that he was driving a 1945 or 1946 Mercury in the accident, which occurred in December, 1956. He sold the car for junk for about $75.00, although he does not remember the exact amount. He estimated that the fair cash market value of the car was about $300.00, but had not checked the value in the Blue Book. Claimant presented no corroborating evidence as to his estimate of the value of his car.

According to claimant, he suffered physical injury when his car struck the barrier, and he was thrown against the windshield and the steering wheel, striking his chest. Since that time, he claims he has had pain in his chest, and can work or be active for only a short time. He first noticed a shortness of breath or pains when he was driving a few days after the accident.

Claimant further testified he was unable to continue working in his real estate business since the time of the

accident, and had no income since that time. He said that he sold farm property, and sometimes he found it necessary to walk several miles on one project, which he was now unable to do. Since the accident, however, one or two people have asked him to handle the sale of farms, and he has also accepted four or five listings of property.

Claimant started in the real estate business when he was about 65 years of age. He was 77 years old at the time of the hearing on November 20, 1959. He said that he "probably" had an annual income of $2,000.00 to $2,500.00. No income tax returns or business records were offered to substantiate this claim.

Claimant's son, Dr. William Mammen, testified that he had examined his father on the day of the accident. At that time claimant was complaining of pain in his chest, which he said was incurred when he struck the steering wheel. There were bruises on his chest, but apparently no fractures. Claimant complained of soreness of the chest and pain when he moved. The doctor examined his father again about a week after the accident, determined that the pain was of an anginal origin, and prescribed nitro-glycerine tablets.

According to Dr. Mammen, there is a causal relation between contusion to the chest and angina. In his opinion, the blow that his father received in the accident was the cause of the angina, since he had no complaints before the accident. Dr. Mammen further testified that the type of anginal pain suffered by his father does restrict activity; that claimant cannot be active; that he has seen claimant suffer from shortness of breath and pain from over-exertion.

It is the opinion of this Court that claimant has failed affirmatively to prove that he suffered any loss on

the sale of his old automobile for $75.00. He submitted no evidence other than his opinion as to its market value, and we are inclined to consider his appraisal excessive.

Despite claimant's alleged physical condition, he was still relatively active at the time of the hearing, and was able to drive and partake in limited business activity. From the facts before this Court, we believe the injuries received by claimant in this accident to have been fortunately of a minimal character.

The Court hereby awards claimant the sum of $300.00.